DAVID JONES V. STATE

No. 25423. November 7, 1951.

Hon. A. S. Mauzey, Judge Presiding.

*Frank Ginzel,* Colorado City, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder is the offense; the punishment, two years in the penitentiary.

From the state's standpoint, this is an unexplained killing, committed during the time all the parties were engaged in a drunken orgy.

No express motive for the killing appears. Appellant, testifying in his own behalf, admitted having fired a shot under circumstances which the trial court deemed sufficient to require a charge on self-defense. He denied having purposely fired the shot at deceased.

Deceased was killed by a bullet from appellant's pistol, which entered the head at the corner of the left eye.

It is appellant's contention that the testimony fails to establish the corpus delicti—that is, that deceased came to his death as the criminal act or agency of the appellant.

As to this contention, it is necessary only to call attention to the fact that appellant admitted soon after the killing that he "had shot a negro," deceased being a Negro. This admission, together with the wounds inflicted and the facts above mentioned, amply establish the corpus delicti.

Bills of exception appear complaining of argument of state's counsel.

The arguments complained of violated no mandatory statute, nor was any new fact thereby injected into the case. We are unable, especially in the light of the minimum punishment assessed, to say that same were improper, harmful, or prejudicial.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.